Appellate. Ms. Rowling for the appellate, Mr. Lennox for the accolade. Ms. Rowling, good morning. Good morning. At the original sentencing, the district court said that Mr. Kpodi's participation in the April 4th gunfight was a very important consideration in the determination of which sentence recommendation was appropriate. This court remanded so that the district court could remove the April 4th incident from its balancing scales. The district court needed to say to itself, I'm at 151 months with the April 4th incident. What happens if I take that away? Instead, the district court found that the incident had never been on the balancing scales at all. That ruling, or that finding, did not comply with the mandate and the law of the case, and this court should remand for a new sentencing. But it didn't have any effect on her, on the sentence, did it? Her ruling that she hadn't previously considered it? That she didn't have no effect on the sentence, did it? Didn't she say it didn't? What she said was that she had not previously considered the April 4th incident in determining the sentence, which contradicted her previous statements and contradicted this court's decision. But she then said the record was not sufficiently clear. She did back off of that. I agree with you that she said she did not consider it in the first place, and she's wrong about that, and we held that she had considered it. So she had no latitude to say that she did not consider it. What was before her was whether not to consider it and whether she would give the same sentence. But at the very end, she says several times that she is not considering it, and backs off her saying she didn't consider it in the first place by saying the record was clearly not sufficiently clear. I read the record as clearly not sufficiently clear as agreeing with the prosecutor's statement, which comes immediately preceding that, that he says it's not on my impression based on the last sentencing that the court inappropriately considered anything that it should not have considered. She interrupts to say the record was clearly not sufficiently clear, and the prosecutor goes on to say the court should do what it did the last time. I don't think anything happened incorrectly the last time. I agree with you. The government was way out of line on that, but we're looking at what the district court said and what it did. What the district court did was say, I won't consider the April 4th incident, but what it needed to do, given this court's opinion, was say, I did consider it previously, but I will subtract that now from my calculus and see if that makes any difference in a sufficient but not greater than necessary sentence. That's what the court said in its opinion, not simply don't consider it, but you considered it before, now take that away and see if it makes any difference. That's the sentencing that Mr. Capote failed to receive based on her comments. By the way, the government doesn't make this point, but I didn't see anything in the sentencing hearing that indicated defense counsel there raised this law of case or mandate argument there. This isn't the sort of case where the relevant law needs to be brought to the court's attention because this court had brought it to the district court's attention. Even if it wasn't raised? I don't think it's a plain error case for that reason. Even if it is a plain error case, there was an error. It was plain, given this court's decision. Oh, I see. And I think that it had, there was an unfairness and there certainly was the appearance of an unfairness. When this court says to a judge, you considered something you shouldn't have considered, now take that out of your calculus and see where you are. Is that what we said? We said we cannot conclude that the consideration of the April 4th evidence did not have a substantial injurious effect. Right, because this court can't be in a judge's head. So you know she considered it, but you don't know what weight she gave it. Perhaps she gave it very, very little weight and it had really no effect at all. Or perhaps she considered it a very important consideration and gave it a lot of weight. Well, I think we do know that she considered it a very important circumstance and a very important consideration in the court's determination of which sentence recommendation is appropriate. Yes. So we know she considered it. Yes. We know that she thought it was significant. Yes. And, but what we sent it back for and what we didn't know is how it affected the sentence she gave. Exactly. Now, it went back before her. She said, she disagreed and said, I did not rely on it the first time. She's wrong about that. We held that she had. But she did what we asked her to do, which was to consider it, I mean to resentence him without consideration of this April 4th purported gunfight. Well, her argument is what she actually did was what the government asked her to do. She did not find that she hadn't previously considered it. And so the analysis had not changed. Yeah, but why does it matter that the government's egging her on? So what? I mean, that's. Well. You're right that the government's, that what the government was doing. Right. Was inappropriate. It doesn't. But the question is whether. What she did. The court sentenced without considering an inappropriate factor. Right, right. I only bring that up. She clearly did. I only bring that up to point out that I think that she was, she wasn't disputing what he said. I think that she was agreeing with him. She interrupted him to agree with him. And then said, I didn't, I won't consider it and I didn't before. Meaning, my calculus has not changed. The scales are exactly where they were previously. And so I will do the same thing. She needed to, she needed to recognize, in her mind she needed to say, the scales are now different. How does that affect me? Does that move me to 150 marks? Does it not move me at all? But she didn't engage in that kind of analysis. Because she disagreed with this court about whether she had considered it in the first place. And she was wrong about that. She's not the first district court judge that is annoyed that we disagreed with their ruling. I'm sure not. So if we were to use that as the test, we'd be sending a whole lot of things back. The government cites to a lot of cases where district courts disagree. And I think that that's, that's fine when the district court is saying, I disagree with the appellate court's Fourth Amendment analysis. But I will do what they said to do. That's very different. She did what we told her to do. No, she didn't. The thing you're trying to ride is the government's inappropriate goading. No. And I don't know how you can take it but so far, really. You know, I'm using that to point out that she appeared to be in agreement. But I think you'll notice in my brief there's no discussion of what the government said. It's what she said, that my analysis doesn't need to change. She did not say those words, but I think. I was going to say. No, I think that. You're running a word too far. Right. But I think that you can very fairly read her words to mean nothing is different. I disagree with what the Court of Appeals said my findings were. And so nothing is different. I won't apply it. I won't consider it now just as I didn't consider it previously. And that's not what Mr. Capote was entitled to. It's not fair, and it certainly does not have the appearance of fairness, of reconsideration. I think she says at least three times, and I'm looking at page 12 of the transcript. But so that the record is absolutely fully clear, I am not relying on any particular role this defendant may or may not have had in connection with this shooting incident in calculating an appropriate sentence in this case. Absolutely. She says that, but then she says, and I didn't previously, meaning I don't have to rebalance. I don't have to subtract that from my calculus. My calculus is the same as it was previously. That's where the error lies. All right. We'll give you some time to reflect. Thank you. Mr. Lenners. Thank you, Your Honor. Good morning, and may it please the Court, Dan Lenners of the United States. The district court violated neither the mandate rule nor the law of the case doctrine when she resentenced the appellant following this court's remand. She made abundantly clear that she was not relying on the April 4th shooting incident in resentencing the appellant, and she also set forth at length what she was, in fact, relying on in reaching the conclusion that the same 151-month bottom-of-the-guideline sentence was appropriate. These were the many times the appellant had been arrested, found with a gun and or drugs in his possession, and his immediate recidivism following those arrests were among the very important considerations she took into consideration in resentencing the appellant. What do you think of your colleague's remarks? And they are throughout this transcript. My understanding of the D.C. Circuit's opinion is that the court shouldn't speculate. Frankly, I don't think the court speculated last time. Then he says, she goes ahead and gets ready to impose the new sentence for the reasons excluding the gunfight, and she says the record was clearly not sufficiently clear. Your colleague says, perhaps not, according to the circuit. Well, that's not correct. And then goes on to say, I don't think anything happened incorrectly the last time, and the same analysis, therefore, applies this time, aside from any lack of clarity, if there was any on that particular point. My colleague's comments were, at best, inartful. I took his words to mean... What about at worst? I took his words to mean he was encouraging the district court to impose the same sentence, to once again find that the defendant possessed and was willing to use guns as part of his illegal... And he had lots of reasons for urging that, and she found the other reasons. So there was absolutely no necessity, and at least I think it was highly improper. I agree that my colleague should not have questioned this court's opinion at all. He certainly didn't in his sentencing memo, in which he specifically said that the court should reach the same conclusion, taking out any consideration whatsoever of the April 4th shooting incident. He gave the court ample reasons to impose the same sentence, and the district court did not err because she relied on those other reasons and not the April 4th shooting incident in resentencing. So you understand the impropriety that we're concerned about is not that people may disagree with our decisions. That's old news. The impropriety is you're confusing the public, and they're trying to understand how the judiciary works and what we're doing, and if it looks like prosecutors' cavalry saying, suggesting, just forget what the Court of Appeals said, that sends the wrong message. Because you can't forget what the Court of Appeals said, whether you want to or not. And you shouldn't be suggesting to litigants who were before the trial court that there's any possibility that that's going to happen. I agree, Your Honor, and the prosecutor should have said at sentencing what he said in his sentencing memo, which is the circuit said not to consider the April 4th shooting incident. You should not consider it, but you should nevertheless reach the same conclusion. If there are no further questions. All right. Thank you. Does Ms. Rowland have any time? Ms. Rowland has 24 seconds remaining. All right. Why don't you take a minute? I'd like to try to elaborate on my earlier point that it's very different when a district court disagrees with an appellate court about, for example, the interpretation of the Fourth Amendment, and then says, but I'll do what I'm commanded to do. In this case, it's a finding, and it really does, it has to do with what's in her head. And of course, no one but she can know that. But when the judge is saying, I didn't do what the court of appeals said, that's a problem within this court's remand authority, and it's a problem with the public's perception, and very different from disagreeing with a legal interpretation. She needed to make clear to Mr. Capote and to the public that she was following this court's mandate by reconsidering all of the factors, having subtracted what she had previously considered. All right. Thank you. Thank you. Okay. What did you call the next case?
judges: Henderson, Tatel, Edwards